**Lamine BAH, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–4579–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 10, 2007.

Charles Christophe (Aleksander Milch, on the brief), Christophe & Associates, P.C., New York, NY, for Petitioner.

Nora Schwarz (Craig S. Morford, United States Attorney for the Middle District of Tennessee, Harold B. McDonough, Jr., Assistant United States Attorney, on the brief), Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

918

## SUMMARY ORDER

Lamine Bah, a citizen of Guinea, seeks review of a September 12, 2006 order of the BIA affirming the June 23, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying Bah's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lamine Bah,* No. A98 641 897 (B.I.A. Sept. 12, 2006), *aff'g* No. A98 641 897 (Immig. Ct. N.Y. City June 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as in this case, the BIA adopts "the IJ's conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ's decision[ ], we review both the BIA's and the IJ's opinions." *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review an IJ's factual findings under the substantial evidence standard. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Our review of credibility determinations is "highly deferential." *See Ming Xia Chen,* 435 F.3d at 144.

Substantial evidence supports the IJ's adverse credibility determination. To the extent Bah argues that the IJ gave too much weight to a "minor misstatement" in making the adverse credibility determination, we disagree. Although the IJ did devote several paragraphs to addressing Bah's "slip of the tongue" regarding a Guinean opposition party, the IJ determined that Bah was not credible based on numerous factors, including: (1) Bah's repeated non-responsiveness throughout his testimony; (2) Bah's lack of familiarity and confusion with basic details of his own political party, including the party with which it merged and its name after merger; (3) inconsistences between the allegations of abuse in Bah's written statement and oral testimony; (4) Bah's inability to explain adequately how he obtained his party registration card or why, in his initial application, Bah presented the Asylum Office with a registration card from a different political party; and (5) other gaps and inconsistencies in Bah's testimony, such as his varying explanations for why he did not have a death certificate for his father and whether he was destroying property before one of his arrests. The IJ reasonably determined that the cumulative effect of these inconsistencies, even if some of them are arguably minor or collateral on their own, made Bah's testimony incredible. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Even if the IJ did place too much weight on Bah's slip of the tongue, the IJ's adverse credibility determination was supported by substantial evidence and we can confidently predict that the IJ would reach the same conclusion if we were to remand on this basis. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006). Because the adverse credibility finding undermines the only record evidence of Bah's alleged past persecution or risk of future persecution, denial of Bah's application for asylum and withholding of removal under the INA was appropriate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Substantial evidence also supports the IJ's determination that Bah did not meet his burden for establishing eligibility for relief under the CAT. Although withholding of removal under the CAT must be considered independently of an applicant's claims under the INA, *see Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir. 2004), when "the applicant relies largely on testimonial evidence to establish [his] CAT claim, and does not independently establish a probability of torture ... an adverse credibility finding regarding testimonial evidence may provide a sufficient basis for denial of CAT relief." *Xiao Ji Chen,* 471 F.3d at 340. Bah submitted documents

that report general incidents of torture and prisoner abuse in Guinea, but he offered no evidence, other than his testimony of past persecution that the IJ found incredible, that he would actually be subject to such abuse. Because the factual predicate of Bah's CAT claim was based on the same assertions that the IJ had found incredible for Bah's asylum and withholding claims, the IJ's denial of withholding under CAT was also appropriate. *See Paul,* 444 F.3d at 157; *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Finally, to the extent the IJ denied Bah's asylum claims in the alternative based on a determination that Bah had established a safe haven in Canada, the government concedes that the IJ's conclusion was incorrect. However, this error does not affect our disposition because our affirmance of the IJ's adverse credibility finding provides an independent basis for denying the petition for review.

For the foregoing reasons, petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot.